73,302-03

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | 227TH JUDICIAL DISTRICT |
| GARY L. KENNEDY | BEXAR COUNTY, TEXAS |

---

APPLICATION FOR WRIT OF HABEAS CORPUS
UNAVAILABILITY OF EXAMINING TRIAL
NO ASSISTANCE OF COUNSEL AT
" ARTICLE 15.17 HEARING "

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 22 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Gary L. Kennedy, Petitioner and upon his oath states that he is being invalidly restrained of his liberty by SUSAN PAMERLEAU, Sheriff of, Bexar County Jail San Antonio, Texas.

I.

Petitioner, while incarcerated on a separate charge — CRUELTY TO ANIMALS NONLIVESTOCK — was summoned to Booking on the 14th day of April 2014 for additional charges. During the month of Ap-

1.

ril. Petitioner was magistrated on a felony complaint charging him with the offense of. FAILURE TO REPORT A CHANGE OF ADDRESS, a violation of Article 62.0255 (a) of the TEXAS CODE OF CRIMINAL PROCEDURS.

## II.

Petitioner was magistrated electronically. The Judge appeared on screen and informed Petitioner of the accusations against him. Articles 15.17 and 16.01 of the TEXAS CODE OF CRIMINAL PROCEDURES. No attorney was present. Neither was Petitioner informed of his guaranteed right to have an examining trial. Articles 15.17, 16.01, Tex. Code Crim. Proc. and TEXAS CONSTITUTION, Articles I. Sec(s) 10, 19.

## III.

Petitioner was not assisted by counsel at the start of the adversary process as entitled. See, Rothgery v. Gillespie Cnty. Tex., 554 U.S. 191, 171 L. Ed 2d 366, 128 S. Ct. 2578 (2008). The Rothgery Court stated. "we held twice that the right to counsel attaches at the initial appearence before a judicial officer," 128 S. Ct. at 2584; see also id. at 2586 ("That was 17 years ago, the same is true today."). (citing McNeil v. Wisconsin, 501 U.S. 171 (1991); id. at 2591 ("We think the County is wrong both about the clarity of our cases and the substance that we

2.

find clear... The Court's conclusions were not vague: _Brewer_ expressed no doubt that the right to counsel attached at the initial appearance and _Jackson_ said that the opposite result would be untenable."). _Brewer v. Williams_, 430 U.S. 387, 398-399, 97 S. Ct. 12-32 [1977].

As a result, Petitioner was denied due process and equal protection of the law in violation of Amendments 5, 6 and 14 to the Constitution of the United States, Article 1 Section 10, 19 and 29 of the Constitution of the State of Texas and Article 1.05 of the Code of Criminal Procedure.

IV.

Petitioner in this case has expressed his desire to have an examining trial by forwarding an AFFIDAVIT: ATTORNEY and a NOTICE OF COMPLAINT to the Court and District Clerk of this Judicial District. TEX. CODE CRIM. PROC., Art. 1.05, Art. 33.1 and TEX. RULES APP. PROC., 25.2, (a), (2), (A), and 3 Am. Jur. 2d Affidavits Sec. 20. ~~See, Exhibits A and B~~ attached.

V.

Article 16.01 of the Texas Code of Criminal Procedure provides... "The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdic-

3.

tion of the offense." Article 15.17 of the Texas Code of Criminal Procedure provides as a duty of the magistrate... " The magistrate shall inform in clear language the person arrested, either in person or by closed circuit television, of the accusation against him and of his rights to request appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial."

## VI.

It is clear from case law that the return of any indictment violates the rights of the defendant to have an examining trial. This is made clear by such cases as Klechka v. State. 429 S.W. 2d 900 (1968), and can be inferred by reading Article 16.01 of the Tex. Code of Crim. Proc.

Deceptive procedures were employed to gain an indictment at the expense of Petitioner's guaranteed right to an examining trial, and fraud vitiates a contract. 37 Am. Jur. 2d at Section 8.

## VII.

Petitioner exercise the right to amend this and/or any other document if necessary in order that the truth be more fully and certainly ascertained and justly determined.

4.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Honorable Judge and Court under Article 11.05 of the Tex. Code of Crim. Proc., grant and issue a writ of Habeas Corpus to SUSAN PAMERLEAU, Sheriff, Bexar County, Texas, directing and commanding her to produce Applicant before this Honorable Court instantly, or at such time and/or place to be designated by this Honorable Court or Judge, then to show cause, if any, why further prosecution and restraint of liberty due to Applicant not having an attorney at initial judicial proceedings and should ~~not~~ be dismissed with prejudice immediately.

Respectfully submitted,

*Gary L. Kennedy*
Applicant

## CERTIFICATE OF SERVICE

Applicant Certifies that a true and correct copy of this foregoing Application for Writ of Habeas Corpus was transmitted to the Texas Court of Criminal Appeals, Supreme Court Bldg., 210 W. 14th St., Rm 106, Austin, Tx 78711.

*Gary L. Kennedy*
Applicant

5.

ACKNOWLEDGEMENT

STATE OF TEXAS

COUNTY OF BEXAR

Before me, the undersigned authority, on this day personally appeared Gary Kennedy _____, Petitioner in the above and foregoing Petition for Application for Writ of Habeas Corpus (Unavailability of Examining Trial; No assistance of counsel at "Article 15.17 hearing", who after being duly sworn stated the facts contained therein are true and correct.

Signed to and sworn on the 17$^{d}$ day December , 2015.

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019



No tary Public

6.

CAUSE No. 2015 CR 4620

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | 227TH JUDICIAL DISTRICT |
| GARY L. KENNEDY | BEXAR COUNTY, TEXAS |

---

APPLICATION FOR WRIT OF HABEAS CORPUS
UNAVAILABILITY OF EXAMINING TRIAL
NO ASSISTANCE OF COUNSEL AT
" ARTICLE 15.17 HEARING "

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 22 2015

Abel Acosta, Clerk

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Gary L. Kennedy, Petitioner and upon his oath states that he is being invalidly restrained of his liberty by SUSAN PAMERLEAU, Sheriff of, Bexar County Jail San Antonio, Texas.

I.

Petitioner, while incarcerated on a separate charge — CRUELTY TO ANIMALS NONLIVESTOCK — was summoned to Booking on the 14th day of April 20-14 for additional charges. During the month of Ap-

1.

ril. Petitioner was magistrated on a felony complaint charging him with the offense of. FAILURE TO REPORT A CHANGE OF ADDRESS, a violation of Article 62.055 (a) of the TEXAS CODE OF CRIMINAL PROCEDURS.

## II.

Petitioner was magistrated electronically. The Judge appeared on screen and informed Petitioner of the accusations against him. Articles 15.17 and 16.01 of the TEXAS CODE OF CRIMINAL PROCEDURES. No attorney was present. Neither was Petitioner informed of his guaranteed right to have an examining trial. Articles 15.17, 16.01, TEX. Code Crim. Proc. and TEXAS CONSTITUTION, Articles I, Sec(s) 10, 19.

## III.

Petitioner was not assisted by counsel at the start of the adversary process as entitled. See, Rothgery v. Gillespie Cnty. Tex., 554 U.S. 191, 171 L. Ed 2d 366, 128 S.Ct. 2578 (2008). The Rothgery court stated, "we held twice that the right to counsel attaches at the initial appearence before a judicial officer," 128 S.Ct. at 2584; see also id. at 2586 ("That was 17 years ago, the same is true today."). (citing McNeil v. Wisconsin, 501 U.S. 171 (1991); id. at 2591 ("We think the County is wrong both about the clarity of our cases and the substance that we

find clear ... The Court's conclusions were not vague: _Brewer_ expressed no doubt that the right to Counsel attached at the initial appearence and _Jackson_ said that the opposite result would be untenable."). _Brewer v. Williams_, 430 U.S. 387, 398-399, 97 S. Ct. 12-32 [1977].

As a result, Petitioner was denied due process and equal protection of the law in violation of Amendments 5, 6 and 14 to the Constitution of the United States, Article 1 Section 10, 19 and 29 of the Constitution of the State of Texas and Article 1.05 of the Code of Criminal Procedure.

## IV.

Petitioner in this case has expressed his desire to have an examining trial by forwarding an AFFIDAVIT: ATTORNEY and a NOTICE OF COMPLAINT to the Court and District Clerk of this Judicial District. TEX. CODE CRIM. PROC., Art. 1.05, Art. 33.1 and TEX. RULES APP. PROC., 25.2. (a). (2). (A). and 3 Am. Jur. 2d Affidavits Sec. 20. ~~See Exhibits A and B~~ attached.

## V.

Article 16.01 of the Texas Code of Criminal Procedure provides... "The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdic-

3.

tion of the offense." Article 15.17 of the Texas Code of Criminal Procedure provides as a duty of the magistrate... " The magistrate shall inform in clear language the person arrested, either in person or by closed circuit television, of the accusation against him and of his rights to request appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial."

## VI.

It is clear from case law that the return of any indictment violates the rights of the defendant to have an examining trial. This is made clear by such cases as Klechka v. State. 429 S.W. 2d 900 (1968), and can be inferred by reading Article 16.01 of the Tex. Code of Crim. Proc.

Deceptive procedures were employed to gain an indictment at the expense of Petitioner's guaranteed right to an examining trial, and fraud vitiates a contract. 37 Am. Jur. 2d at Section 8.

## VII.

Petitioner exercise the right to amend this and/or any other document if necessary in order that the truth be more fully and certainly ascertained and justly determined.

4.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Honorable Judge and Court under Article 11.05 of the Tex. Code of Crim. Proc., grant and issue a writ of habeas Corpus to SUSAN PAMERLEAU, Sheriff, Bexar County, Texas, directing and commanding her to produce Applicant before this Honorable Court instantly, or at such time and/or place to be designated by this Honorable Court or Judge, then to show cause, if any, why further prosecution and restraint of liberty due to Applicant not having an attorney at initial judicial proceedings and should not be dismissed with prejudice immediately.

Respectfully submitted,

_Gary J. Kennedy_
Applicant

## CERTIFICATE OF SERVICE

Applicant Certifies that a true and Correct Copy of this foregoing Application for Writ of Habeas Corpus was transmitted to the Texas Court of Criminal Appeals, Supreme Court Bldg., 210 W. 14th St., Rm 106, Austin, Tx 78711.

_Gary J. Kennedy_
Applicant

5.

ACKNOWLEDGEMENT


STATE OF TEXAS


COUNTY OF BEXAR


Before me, the undersigned authority, on this day personally appeared _Gary Kennedy_ _____, Petitioner in the above and foregoing Petition for Application for Writ of Habeas Corpus (Unavailability of Examining Trial; No assistance of counsel at "Article 15.17 hearing"), who after being duly sworn stated the facts contained therein are true and correct.


Signed to and sworn on the 17$^{ct}$ day _December_, 2015.



SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

_Sandra Lynn Malloy_
Notary Public

6.